MESSINGER v. KREITMAN.

(Supreme Court, Appellate Term. June 3, 1908.)

BROKERS—RIGHT TO COMMISSIONS—EVIDENCE.

Evidence *held* to show that services rendered by a broker were solely for the purpose of enabling him to sell defendant property as a broker out of which he could realize a commission from the vendor, and that defendant made no absolute promise to pay the broker for his services.

Appeal from City Court of New York, Trial Term.

Action by Isaac Messinger against Morris Kreitman. Judgment of dismissal, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Isaac Siegel, for appellant.

Freeman & Dobroezynski, for respondent.

GILDERSLEEVE, P. J. I am of the opinion that the trial court disposed of this case correctly. It appears from the testimony that the plaintiff is a real estate broker, and that he had been importuning the defendant, for some time prior to the conversation forming the basis of his claim in this action, to purchase some property through him; that finally the defendant said:

"'You get me a partner as you did before, and you will have a couple of hundred dollars.' And I asked him: 'What about it?' He said: 'Well, I will buy a parcel of $50,000 or $60,000 and you will have a couple of hundred dollars commission.'"

The plaintiff claims that subsequent to this conversation he found one Wolthater, whom he induced to join the defendant in the purchase of a piece of property. The property was purchased of one Haims by the defendant and Wolthater, and the plaintiff got $150 commission as broker in the transaction. It is evident, from the testimony given, that the defendant made no absolute promise to pay the plaintiff for any services he might render, either in procuring a partner for the defendant or in making a sale of property. The most that can be said, giving the testimony that aspect most favorable to the plaintiff's contention, is that, if he would induce some person to join the defendant in the purchase of property for which the plaintiff was acting as broker, he (plaintiff) would thereby be enabled to make a commission. This was done, and the plaintiff did receive a commission. It clearly appears that the services rendered by the plaintiff were solely for the purpose of enabling him to sell property as broker out of which he could realize a commission, and not with a view of charging the defendant for such services. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

GREENBAUM, J., concurs.

GIEGERICH, J. (concurring). The action is to recover $400 alleged to be the agreed compensation for obtaining a partner for the defendant in the purchase of real estate. The answer was a general denial. Upon the trial, the plaintiff testified he was a real estate agent and broker, and that he had been daily in the habit of patronizing the defendant's candy store, which was in the same block where he lived for a couple of years. He further testified:

"I had been bothering with him a couple of months to buy him property, and it was not reasonable to him, and finally he said: 'Find me a partner with a couple of thousand dollars, and I will buy a big parcel in New York.' He said: 'You get me a partner as you did before, and you will have a couple of hundred dollars.' And I asked him: 'What about it?' He said: 'Well, I will buy a parcel of about $50,000 or $60,000, and you will have a couple of hundred dollars commission.'"

The plaintiff also testified that he found one Wolthater, and that the latter and the defendant as partners purchased the premises at No. 32

Norfolk street, for $44,000; that after they bought the property he saw the defendant, to whom he said, "You promised to give me a couple of hundred dollars," and the latter said, "I will give it to you; have patience." Plaintiff further testified:

"He [defendant] told me he was short of money. I even lent him a couple of hundred dollars. When he took title he was short, and he said to me: 'You know my partner promised to lend me a hundred dollars, because I am short.' He said: 'I am short $100. My partner promised to lend me $100. I am short. I have got to take title.' I said: 'Why are you worried about it?' I did not even want a note of him. When I asked him for the commission for procuring this partner, he said he would not give it to me. He said: 'You took a couple of hundred dollars from the broker, and I won't give you any.' I thought he was joking, and afterwards I found it was the truth."

Upon cross-examination the plaintiff testified:

"I got $150 commission as a broker in that transaction, and I signed my name with the broker who brought about the sale."

When the plaintiff rested, the defendant moved to dismiss the complaint—

"On the ground, first, that the plaintiff has wholly failed to make out a cause of action against the defendant, there being no proof here as to how much was promised this plaintiff for the services which he was to render. The testimony as it now stands is: He says: 'He promised me a couple of hundred dollars'—and nothing more."

The court then recalled the plaintiff to the stand, who gave testimony as follows:

"I told Mr. Kreitman: 'What is the use of my bothering with you a couple of months? I am not rich. I am losing my time. I have a family. I have to make a living.' He said: 'I cannot make up my mind to buy that property in Brooklyn that you want to. Find me a partner, and I will buy a big parcel; and if we buy together you will have a nice commission. You will have a nice couple of hundred dollars, and you will be satisfied that you bothered with me all the time.' Kreitman said: 'You would have a nice couple of hundred dollars.' After my first conversation, when he came to pay me, he refused to pay me. I did not have any conversation about his paying me before, only about property. We had once, and I took his word, because I knew he was always fine to me. I never doubted it. He told me it would be about $400 or $500. I did say a moment ago that he told me I would make a good couple of hundred dollars. He said: 'You will certainly have about $400 or $500.'"

The motion to dismiss the complaint was renewed at the close of the defendant's case, and was granted. I think such ruling was correct. Considering the testimony of the plaintiff in the most favorable light, it will be seen that the defendant, in speaking to the plaintiff about a partner, merely intended to convey the idea that if the plaintiff did secure one he would have an opportunity of earning the commissions paid by the seller, or a part of them, which he did, as above shown. This view is supported by the testimony of the plaintiff, who swears that, when he spoke to the defendant about his commissions after the contract for the purchase and sale of the property had been signed, the defendant refused to pay any because he (plaintiff) had already received a couple of hundred dollars from the broker.

But, even if a promise to pay commissions might be inferred from

the plaintiff's testimony given just previous to the testimony as to: such refusal, it will be observed that when recalled he testified that after his first conversation with the defendant the latter refused to pay him, and consequently it may be fairly inferred that such earlier promise was made in ignorance of the fact that the plaintiff had received $150 of the commissions paid by the seller, and that when the defendant subsequently learned such fact he insisted that the plaintiff had received all he was entitled to, under the circumstances, viz., commissions, or a part of them, paid by the seller of the property.

The record does not disclose any reversible error, and the judgment should therefore be affirmed, with costs.